**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 5:09-cr-00191

NORVEL LEE WOODSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Petitioner's Rule 60(b)(2) Motion* (Document 128) and the *Petitioner's Rule 60(d)(3) Motion Due to the Prosecutor's Fraud on the Court* (Document 130). The Defendant argues that his conviction should be set aside because evidence and testimony from the grand jury proceedings constitute a fraud on the Court.   He contends that the United States manipulated the process by presenting the evidence to a Charleston grand jury, which returned an indictment, after a Beckley grand jury declined to indict.  Mr. Woodson further asserts that the United States presented fabricated evidence in order to obtain an indictment.

The Defendant relies on an affidavit from an individual who states that he acted as an informant for a detective involved in Mr. Woodson's case, and was in a personal relationship with a woman who offered grand jury testimony in the case.   The affidavit claims that the detective and prosecutor coerced the woman into offering false testimony according to a script they prepared for her to perform as a "role playing witness" before the grand jury.  (Document 130 at 12.)   The Defendant thus argues that his conviction should be set aside based on the improper use of a

Charleston (rather than Beckley) grand jury, and the presentation of false evidence before that grand jury.

The Defendant was indicted on August 19, 2009, and entered a plea of guilty to Count Two of the indictment, which charged him with distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). On August 31, 2010, he was sentenced to a term of imprisonment of 151 months, followed by a three-year term of supervised release. He filed a direct appeal and a habeas petition, asserting ineffective assistance of counsel due to his attorney's failure to advise him that the career offender provisions of the Sentencing Guidelines could apply to his case. Both were denied, as was a motion for a sentence reduction.

The Court finds that the instant motions must likewise be denied. If there were problems with the evidence presented to the grand jury, those problems were rendered insubstantial by the Defendant's subsequent guilty plea, which was supported by an adequate factual basis. *See, e.g.*, *United States v. Mechanik*, 475 U.S. 66, 70 (1986) (reasoning that a subsequent guilty verdict rendered by the petit jury demonstrated that rule violations before the grand jury did not affect a substantial right); *Richardson v. United States*, No. 4:11-CR-110-FL-1, 2015 WL 1383607, at *4 (E.D.N.C. Mar. 25, 2015), *report and recommendation adopted*, No. 4:11-CR-110-FL, 2015 WL 4366198 (E.D.N.C. July 16, 2015) (finding that "irregularities in a grand jury proceeding do not constitute prejudice where the defendant is ultimately convicted" and summarizing cases).

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Petitioner's Rule 60(b)(2) Motion* (Document 128) and the *Petitioner's Rule 60(d)(3) Motion Due to the Prosecutor's Fraud on the Court* (Document 130) (filed under seal) be **DENIED**. Finding that the Rule 60(b)(2) motion contains confidential material related to grand jury proceedings, the Court further **ORDERS** that the *Motion* (Document 128) be **PLACED UNDER SEAL**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER:    October 30, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA